UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN PIERRE GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRESIDENT OF THE UNITED STATES OF AMERICA #41, et al.,<br><br>    Defendants. | NO. 2:17-CV-00005-JLQ<br><br>ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND BASELESS, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE |

    On January 4, 2017, Plaintiff submitted his *pro se* Complaint along with an Application to Proceed *In Forma Pauperis*. *See* (ECF No. 1); (ECF No. 2). On January 5, 2017, Magistrate Judge Rodgers accepted his application and set the matter for screening by this court pursuant to 28 U.S.C. § 1915(e)(2).

    In the Complaint, Plaintiff brought claims against the past four Presidents of the United States. (ECF No. 4 at 2-3). Plaintiff alleged Federal Question jurisdiction, then set forth two questions: "[w]hat happens when a U.S. citizen is not paid for federal service for 22 years? What happens when a U.S. citizen is not given government run health care when they are serving in the U.S. armed forces?" (ECF No. 4 at 3). Plaintiff also asserted "[t]he only venue that is appropriate is the international court." (ECF No. 4 at 4). Plaintiff alleged the President "failed to pay me the correct wages" and "failed to honor me as the Dept. of the Army requires." (ECF No. 4 at 4). Plaintiff's claims stemmed from the alleged closing of Fort Ord and Congress stating Plaintiff "would be the last soldier." (ECF No. 4 at 6). Plaintiff asserted President George H.W. Bush "failed to promote me to the highest rank of the person who was assigned to Ft. Ord, CA." (ECF No. 4 at 6). Plaintiff further asserted President Clinton should have promoted Plaintiff to "four-star general or higher because of the 2 front mission that may or may not have been used a

ORDER - 1

standing orders." (ECF No. 4 at 6). Lastly, he claimed President George W. Bush "promoted other before I was given my proper rank of 8-star or higher." (ECF No. 4 at 6). Plaintiff alleged no injury, and sought damages of $990 trillion dollars times 22 from each of the four named Defendants. (ECF No. 4 at 7).

Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) stating the statute applies to all persons, not just prisoners). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." (*Id*.). A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim

ORDER - 2

to relief that is plausible on its face." (*Id*. at 570).

A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id*.) (quoting *Neitzke*, 490 U.S. at 327).

In considering a *pro se* complaint which fails to state a claim as presented, the court should allow leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Under 42 U.S.C. § 1983, a plaintiff must prove: (1) a person acting under color of state law (2) committed an act that deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To establish liability pursuant to 42 U.S.C. § 1983, the plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. International Business Machines Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim the plaintiff failed to plead. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

ORDER - 3

Plaintiff's allegations are baseless and frivolous. His claim of being the last solider at Fort Ord and promised promotion by Congress is baseless. His allegations of promised promotion to "8-star" general by Congress are fanciful and irrational. The claims as a whole are incredulous. The court finds the Complaint frivolous and no amendment would cure the baseless claims contained therein.

The court observes Plaintiff has had ten other lawsuits dismissed as frivolous and baseless in addition to the instant matter and another pending case with similar allegations. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous claims. Plaintiff has been previously warned a litigant who burdens the court with repetitive and frivolous litigation runs the risk of being declared a vexatious litigant. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). This court is strongly considering initiating such a process in light of Plaintiff's conduct and allegations in all of his previous cases, including the instant matter.

**IT IS HEREBY ORDERED**:

1. The Complaint (ECF No. 4) and the claims therein are **DISMISSED WITH PREJUDICE** based on the court's finding that the claims and factual allegations contained therein are frivolous and baseless.
2. The Clerk is directed to enter judgment of dismissal of the Complaint (ECF No. 4) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees awarded to any party.

**IT IS SO ORDERED**.  The Clerk is directed to enter this Order and Judgment, furnish copies to Mr. Griffin, and close this file.

Dated January 5, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4